IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STARR MONTGOMERY,
and others similarly situated,

    Plaintiffs,

v.

FRITO-LAY, INC.,

    Defendant.
_____/

C.A. No.: 3:22-cv-185
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STARR MONTGOMERY (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendant, FRITO-LAY, INC. (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against their employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, unpaid minimum wage, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331,

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.  Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, FRITO-LAY, INC., has offices located in Dallas County, Texas.

## THE PARTIES

4.  Plaintiff is an individual residing in Tarrant County, Texas.

5.  Plaintiff was at all times material employed by Defendant from July 22, 2021, to the present, as a product packer in Dallas County, Texas.

6.  Defendant, FRITO-LAY, INC., is a corporation existing under the laws of the State of Delaware and maintains offices in Dallas County, Texas.

7.  Defendant, FRITO-LAY, INC., manufactures, markets, and sells corn chips, potato chips, and other snack foods throughout the United State of America and is an employer as defined by 29 U.S.C. § 203(d).

8.  Defendants, FRITO-LAY, INC., has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff is employed.

9.  At all times material to this complaint, Defendant, FRITO-LAY, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10. At all times material to this complaint, Defendant, FRITO-LAY, INC., was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11. At all times material to this Complaint, Defendant, FRITO-LAY, INC. was the employer of the Plaintiff and others similarly situated, and, as a matter of economic reality, Plaintiff and others similarly situated were dependent upon Defendant for their employment.

12. Additionally, Plaintiff and others similarly situated were individually engaged in commerce and produced goods for commerce and their work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff, and others similarly situated, worked as "Packers" and were responsible for constructing boxes and packing them with products for interstate commerce.

13. Defendant uses Kronos time-keeping software and applications. On or about December 11, 2021, Kronos was hit with a ransomware attack. As a result, Defendant could not access the hours Plaintiff and others similarly situated worked.

14. Instead of paying Plaintiff and all others similarly situated for the actual amount of overtime worked, Defendant paid Plaintiff and all others similarly situated based upon their average earnings. Defendant continues to pay its Plaintiff and others similarly situated on this average earnings basis despite the fact that during

this period of time Plaintiff and others similarly situated were working and continue to work excessive overtime due to staffing shortages. Plaintiff estimates that she and her co-workers worked as many as 20 hours of overtime per workweek from December 11, 2021, through the present for which they were not compensated at a rate of one and one-half time their regular rates for each hour of overtime worked.

## COUNT I
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE FAIR LABOR STANDARDS ACT

15. Plaintiff, STARR MONTGOMERY, re-alleges and incorporates herein paragraphs 1-14 above.

16. Beginning on or about December 11, 2021, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff and others similarly situated at a rate not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 in a workweek.

17. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER EMPLOYEES OF FRITO-LAY, INC., WHO WERE EMPLOYED AS PACKERS FROM DECEMBER 11, 2021 TO THE PRESENTAND WERE NOT COMPENSATED FOR ALL WORK IN EXCESS OF 40 HOURS IN ANY WORKWEEK AT A RATE NOT LESS THAN ONE AND ONE-HALF OF THEIR REGULAR RATE FOR ALL OVERTIME HOURS WORKED.

18. This action is properly brought as a collective action for the following

reasons:

    a. The Class is so numerous that joinder of all Class Members is impracticable.

    b. Numerous questions of law and fact regarding the liability of FRITO-LAY, INC., are common to the Class and predominate over any individual issues which may exist.

    c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from FRITO-LAY, INC.'s own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

    d. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

    e. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for FRITO-LAY, INC.

    f. The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

    g. FRITO-LAY, INC., acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

19. For the foregoing reasons, Plaintiff shall seek an order from this Court authorizing Plaintiff to issue class notification of this action as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff. Class

notice of this opt-in collective is appropriate because Plaintiff's claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendant's common practice, policy or plan regarding employee wages and hours.

20. In addition to the named Plaintiff, numerous employees and former employees of Defendant are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendant.

21. Plaintiff estimates that there are over 100 putative class members

22. Plaintiff and all others similarly situated primarily worked from 12 to 15 hours per day, with a few exceptions, held the position of Packers, and were not paid overtime properly for their work in excess of 40 hours per workweek.

23. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

24. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

25. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29

U.S.C. § 216(b).

26. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

27. As a result of Defendant's unlawful conduct, Plaintiff and all others similarly situated are entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

28. Plaintiff and all others similarly situated are entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, STARR MONTGOMERY, and all others similarly situated, demand Judgment against Defendant, FRITO-LAY, INC., for the following:

a. Determining that the action is properly maintained as or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Determine, based on all available evidence, whether and to whom the opt-in notice should be distributed;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by

      law;

e.    Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

f.    Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.    Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## COUNT II
## VIOLATION OF THE MINIMUM WAGE PROVISIONS UNDER FLSA

29.    Plaintiff, STARR MONTGOMERY, re-alleges and incorporates herein paragraphs 2-10 above.

30.    This is an action by Plaintiff individually against her employer for unpaid minimum wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid minimum wages, liquidated damages, and a reasonable attorney's fee and costs.

31.    At all times material to this Complaint, Defendant, FRITO-LAY, INC. was the employer of the Plaintiff, as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

32.    Plaintiff was individually engaged in commerce and produced goods for commerce and her work was directly and vitally related to the functioning of Defendant's business activities. Specifically, Plaintiff worked as a Packer and was

responsible for constructing boxes and packing them full of products for interstate commerce.

33. Plaintiff worked 42 hours for Defendant in the workweek January 2, 2022, to January 7, 2022, and 56 hours for Defendant in the workweek January 8, 2022, to January 14, 2022, but was not paid the minimum wage of $7.25 per hour for all hours worked during the workweek.

34. Defendant failed to act in good faith and/or reasonably in their efforts to comply with the FLSA; thus, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid minimum wages pursuant to 29 U.S.C. § 216(b).

35. Defendant has willfully failed to pay Plaintiff minimum wages. Defendant either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

36. The acts described in the preceding paragraphs, *supra*, violate the Fair Labor Standards Act, which prohibits the denial of minimum wage compensation.

37. As a result of Defendant's unlawful conduct, Plaintiff, STARR MONTGOMERY, is entitled to actual and compensatory damages, including the amount of minimum wages which were not paid, but should have been paid.

38. Plaintiff is entitled to an award of reasonable and necessary attorneys'

fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, STARR MONTGOMERY, demand Judgment against Defendant, FRITO-LAY, INC., for the following:

 a. Unpaid minimum wages found to be due and owing;

 b. An additional amount equal to the amount of unpaid minimum wage found to be due and owing as liquidated damages;

 c. Prejudgment interest in the event liquidated damages are not awarded;

 d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

 e. For any such other relief as the Court may find proper, whether at law or in equity.

## COUNT III
## CAUSE OF ACTION: BREACH OF CONTRACT

39. Plaintiff, STARR MONTGOMERY, re-alleges and incorporates herein paragraphs 4-8, *supra*.

40. This is an action by Plaintiff, STARR MONTGOMERY, against Defendant, FRITO-LAY, INC., for breach of contract.

41. This claim is properly before this Court pursuant to 28 U.S. Code § 1367, as it are so related to claims in the action within such original jurisdiction that

they form part of the same case or controversy under Article III of the United States Constitution.

42. On or about July 22, 2021, Defendant, FRITO-LAY, INC., offered to pay Plaintiff, STARR MONTGOMERY, at the rate of $19.05 per hour.

43. Plaintiff accepted the offer set forth on paragraph 42 above.

44. Defendant, FRITO-LAY, INC., breached the parties' agreement by failing to pay Plaintiff $19.05 an hour for her work performed from January 1, 2022, through January 14, 2022. Plaintiff worked 42 hours for Defendant in the workweek January 2, 2022, to January 7, 2022, and 56 hours for Defendant in the workweek January 8, 2022, to January 14, 2022.

45. As a result of Defendant, FRITO-LAY, INC.'s breach of the Parties' contract, Plaintiff has been damaged.

46. Plaintiff is entitled to recover her reasonable attorney's fees incurred as a result of brining this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code.

47. All conditions precedent to this contract have occurred, have been waived or have lapsed.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant, FRITO-LAY, INC., for the following:

    a. Awarding Plaintiff, STARR MONTGOMERY, her unpaid wages, compensatory damages, attorneys' fees and litigation expenses as

provided by law;

b. Awarding Plaintiff, STARR MONTGOMERY, pre-judgment interest as provided by law;

c. Awarding Plaintiff, STARR MONTGOMERY, her reasonable attorney's fees incurred as a result of bringing this claim pursuant to § 38.001(2), (8) of the Texas Civil Practice and Remedies Code;

d. Awarding Plaintiff, STARR MONTGOMERY, such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, STARR MONTGOMERY, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted, December 2, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810

Steven R. Samples
Texas Bar No. 24086348
Samples Ames PLLC
460 W Harwood Rd.
Hurst, TX   76054
(214) 308-6505 Telephone

(855) 605-1505 Facsimile

**ATTORNEYS FOR PLAINTIFF**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

STAR MONTGOMERY,
and others similarly situated,

    Plaintiffs,

v.                                       C.A. No.: 3:22-cv-185
                                      **COLLECTIVE ACTION**

FRITO-LAY, INC.,

    Defendant.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of the above-styled Fair Labor Standards Act action in my name and on my behalf by the above representative Plaintiff and designate the class representative as my agent to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

*STARR MONTGOMERY*

_____
STAR MONTGOMERY

Starr Montgomery

_____
NAME (PRINTED)